**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Faye C. Rasch, State Bar No. 253838
frasch@lwgfllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Attorneys for Weneta M.A. Kosmala,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DENNY ROY STEELMAN,<br><br>Debtor. | Case No. 8:16-bk-14227-ES<br><br>Chapter 7 Case<br><br>Adv. No. _____<br><br>**COMPLAINT:** |
| WENETA M.A. KOSMALA, Chapter 7 Trustee of the Estate of Denny Roy Steelman<br><br>Plaintiff,<br><br>v.<br><br>KEVIN LIEBECK as executor of the Estate of DENNY ROY STEELMAN, KEVIN LIEBECK as successor Trustee of the SURVIVORS TRUST, as under the 2010 STEELMAN INTER VIVOS TRUST, MARK ZIEBOLD as trustee of the PRIVATE RETIREMENT TRUST, SHAUNAH LYNN STEELMAN, an individual, and JODI DENISE STEELMAN, an individual, NATIONWIDE LIFE INSURANCE COMPANY, NATIONWIDE LIFE AND ANNUITY COMPANY,<br><br>Defendants. | **(1) FOR DECLARATORY RELIEF REGARDING PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 541;**<br>**(2) FOR TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §§ 542 AND 543;**<br>**(3) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(1), 3439.07 AND 3439.09;**<br>**(4) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(2), 3439.07 AND 3439.09;**<br>**(5) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550;**<br>**(6) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550;** |

1154870.1               1               COMPLAINT

**(7) TO PRESERVE AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 551; AND**

**(8) FOR INJUNCTION PURSUANT TO 11 U.S.C. § 105**

Weneta M.A. Kosmala, the chapter 7 trustee ("the Trustee" or "Plaintiff") of the estate ("the Bankruptcy Estate") of Denny Roy Steelman ("Debtor"), respectfully alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 323, 541, 542, 543, 548, 549, 550 and 551. The instant adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (C), (E) and (O).

2. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

3. This adversary proceeding arises out of and is related to the case entitled *In re Denny Steelman*, a chapter 7 case current pending in the United States Bankruptcy Court, Central District of California, the Honorable Erithe Smith presiding ("the Bankruptcy Case").

## PARTIES TO THE ACTION

4. Plaintiff is the duly-appointed chapter 7 trustee of the Bankruptcy Estate.

5. Plaintiff is informed, believes, and alleges that the Debtor is deceased.

6. Plaintiff is informed, believes and alleges that Kevin Liebeck ("Liebeck") is the executor of the Estate of Denny Roy Steelman ("Probate Estate").

7. Plaintiff is informed, believes and alleges that Liebeck is the successor trustee of the Survivor's Trust (defined below) as under the 2010 Steeleman Inter Vivos Trust (defined below).

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

8. Plaintiff is informed, believes, and alleges that Mark Ziebold ("Ziebold") is the trustee of the Private Retirement Trust (defined below).

9. Plaintiff is informed, believes, and alleges that Shaunah Lynn Steelman ("Shaunah") is an individual residing in the state of California and is the daughter of the Debtor.

10. Plaintiff is informed, believes, and alleges that Jodi Denise Steelman ("Jodi") is an individual residing in the state of California and is the daughter of the Debtor.

11. Plaintiff is informed, believes and alleges that Nationwide Life Insurance Company and Nationwide Life and Annuity Company are both Ohio corporations, licensed to do business in California.

## STATEMENT OF STANDING

12. Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 323, 541, 542, 543, 549, 550, and 551.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 12, as though fully set forth herein.

14. The Debtor filed his bankruptcy petition on October 13, 2016 ("the Petition Date").

15. The Debtor's Schedule C lists as exempt the "Private Retirement Trust" having a value of $1,385,805. A true and correct copy of the Debtor's Schedule C is attached hereto as **Exhibit "1."**

16. Plaintiff is informed, believes, and alleges that on or about December 9, 2015, the Debtor purported to establish a Private Retirement Trust in accordance with California Code of Civil Procedure Section 704.115. A true and correct copy of the Private Retirement Trust and documents in support thereof is attached hereto as **Exhibit "2."**

17. Plaintiff is informed, believes, and alleges that a Private Retirement Trust in accordance with California Code of Civil Procedure Section 704.115 must be created for retirement purposes.

18. Plaintiff is informed, believes, and alleges that the Debtor created the Private Retirement Trust to shield assets from his creditors rather than for retirement purposes.

19. Plaintiff is informed, believes, and alleges that the name of the Private Retirement Trust is the Retirement Wealth Management, LLC Private Retirement Trust Plan ("PRT" or "Private Retirement Trust").

20. Plaintiff is informed, believes, and alleges that the Debtor was the sole participant in the PRT. Exhibit 2 at p. 000009.

21. Plaintiff is informed, believes, and alleges that Zeibold is the trustee of the PRT.

22. Plaintiff is informed, believes, and alleges that the Debtor created the PRT at age 70 and set his retirement age at 71.

23. Plaintiff is informed, believes, and alleges that the listed employer/sponsor of the PRT is Retirement Wealth Management LLC ("RWM").

24. Plaintiff is informed, believes, and alleges that according to the Operating Agreement of Retirement Wealth Management, LLC (the "Operating Agreement"), RWM began operating contemporaneously with the PRT on December 9, 2015. A true and correct copy of the Operating Agreement of RWM is attached hereto as part of Exhibit 2 at 000108.

25. Plaintiff is informed, believes, and alleges that RWM's purpose per its operating agreement is to provide "centralized management of investments and business activities."

26. Plaintiff is informed, believes, and alleges the Debtor's entire career was as a contractor in the electrical field. In other words, the Debtor started a new company in a completely different field at age 70.

27. Plaintiff is informed, believes, and alleges the Debtor funded the PRT with four (4) cash deposits from his Union Bank Checking Account as follows: (i) December 28, 2015 $500.00, (ii) January 4, 2016 $875,000, (iii) March 21, 2016 $195,000 and (iv) March 21, 2016 $287,586.15 for a total of $**1,358,086.15** (collectively the "Transfers"). Exhibit 2 at 000094.

28. Accordingly, Plaintiff is informed, believes, and alleges that in the year leading up to the Debtor's bankruptcy, the Debtor deposited and transferred almost $1.5 million into the newly formed PRT.

29. Plaintiff is informed, believes, and alleges that the beneficiary of the PRT is the "Survivor's Trust as under the 2010 Steelman Inter Vivos Trust." Exhibit 2 at 000013.

30. Plaintiff is informed, believes, and alleges that the 2010 Steelman Inter Vivos Trust is a self-settled trust ("2010" Trust"). A true and correct copy of the 2010 Trust is attached hereto as **Exhibit "3."**

31. Plaintiff is informed, believes, and alleges that the Survivor's Trust is embedded in the 2010 Trust. Exhibit 3 at 000191.

32. Plaintiff is informed, believes, and alleges that the Debtor was the trustee and beneficiary of the Survivor's Trust until he died.

33. Plaintiff is informed, believes, and alleges the Survivor's Trust is the 100% owner of RWM (the alleged employer under the PRT).

34. Plaintiff is informed, believes, and alleges that shortly after its creation, on or about March 16, 2016 the PRT made a loan to "Denny R. Steelman, Trustee of the Survivor's Trust under the 2010 Steelman Inter Vivos Trust dated August 10, 2010 in the amount of $815,000 ("PRT Loan"). A true and correct copy of the Promissory Note and Deed of Trust are attached here as part of Exhibit 2 at 000155.

35. Plaintiff is informed, believes, and alleges that the Debtor used the PRT Loan to purchase the property commonly known as 26422 Lombardy Road, Mission Viejo, California 92692 ("Lombardy Property").

36. The Debtor's Schedule C lists the Lombardy Property as the Debtor's residence and claims an exemption therein. Thus, the Debtor used the assets of the PRT to fund the purchase of his home. See, Exhibit 1.

37. Plaintiff is informed, believes, and alleges that the funds deposited into the PRT by the Debtor were used as follows: (i) PRT Loan ($815,000), (ii) Nationwide Annuity ($523,714.19).

38. Plaintiff is informed, believes, and alleges that as of September 30, 2016, $50,466.15 of cash remained in the PRT. A true and correct copy of the PRT Consolidated Financial Statement is attached hereto as part of Exhibit 2 at 000169.

39. Plaintiff is informed, believes, and alleges that the Nationwide Annuity was a product issued by either Nationwide Life Insurance Company or Nationwide Life and Annuity Company.

40. Plaintiff is informed, believes, and alleges that the Debtor died shortly after the filing of his bankruptcy case.

41. Plaintiff is informed, believes, and alleges that upon the Debtor's death, the assets of the Survivor's Trust were to be distributed in accordance with the Last Will of Denny Roy Steelman ("Debtor's Will"). A true and correct copy of the Debtor's will is attached hereto as **Exhibit "4."**

42. Plaintiff is informed, believes, and alleges that Shaunah and Jodi are the beneficiaries of the Debtor's Will.

43. In light of the foregoing facts, Plaintiff is informed, believes, and alleges that the Private Retirement Trust is property of the Estate as it was not validly created or used for retirement purposes.

## FIRST CLAIM FOR RELIEF

(For Declaratory Relief Regarding Property of the Estate

Pursuant to 11 U.S.C. § 541 Against Zeibold and Liebeck)

44. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. Plaintiff is informed, believes, and alleges that the Debtor had a legal and equitable interest in the Private Retirement Trust on the Petition Date.

46. By reason of the foregoing, Plaintiff is entitled to a declaration by the Court that the Private Retirement Trust is property of the Estate pursuant to 11 U.S.C. § 541.

## SECOND CLAIM FOR RELIEF

(For Turnover of Property of the Estate

Pursuant to 11 U.S.C. § 542 Against Zeibold, as Trustee and Liebeck, as Executor)

47. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 46, inclusive, as though fully set forth herein.

48. Plaintiff is informed, believes, and alleges that the Private Retirement Trust is in the possession, custody, and/or control of the Debtor's Probate Estate, including the proceeds therein.

49. Plaintiff is informed, believes, and alleges that Plaintiff may use or sell the Private Retirement Trust pursuant to 11 U.S.C. § 363.

50. Plaintiff is informed, believes, and alleges that the Private Retirement Trust has value and benefit to the Estate.

51. Pursuant to 11 U.S.C. § 542, Zeibold and/or Liebeck must turnover and deliver the Private Retirement Trust to Plaintiff and to account for the proceeds of the Private Retirement Trust to Plaintiff.

52. By reason of the foregoing, Plaintiff is entitled to turnover and accounting of the Private Retirement Trust.

## THIRD CLAIM FOR RELIEF

(To Avoid Transfers and Recover Intentionally Fraudulently

Transferred Property Under 11 U.S.C. §§ 544(b) and 550,

and Cal. Civ. Code §§ 3439.04(a)(1), 3439.07 and 3439.09)

53. Trustee incorporates each and every allegation contained in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. Upon information and belief, the Transfers occurred during the seven-year period immediately preceding the Petition Date.

55. The Trustee is informed and believes, the Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

56. The Trustee is informed and believes, creditors existed at the time of the Transfers that remained unpaid as of the Petition Date.

57. The Trustee is informed and believes, the Debtor made the Transfers to or for the benefit of Defendants.

58. The Trustee is informed and believes, the Debtor received no or inadequate consideration from the Defendants.

59. The Trustee is informed and believes, and on that basis alleges, that at the time of the Transfers, there was no obligation due and owing to the Defendants.

60. The Debtor was insolvent at the time of the Transfers and/or was rendered insolvent by virtue of the Transfers.

61. The Trustee is informed and believes, and on that basis alleges, that Defendants are insiders of the Debtor.

62. By reason of the foregoing, the Transfers are avoidable, and Trustee is entitled to set aside the Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439(a)(1), 3439.07 and 3439.09 and Trustee is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.ss

**FOURTH CLAIM FOR RELIEF**

(To Avoid Transfer and Recover Constructively Fraudulently

Transferred Property Under 11 U.S.C. §§ 544(b) and 550, and

Cal. Civ. Code §§ 3439.04(a)(2), 3439.07 and 3439.09)

63. Trustee incorporates each and every allegation contained in paragraphs 1 through 62, inclusive, as though fully set forth herein.

64. The Trustee is informed and believes, at the time of the Transfers, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction.

65. The Trustee is informed and believes, at the time of the Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond her ability to pay as they became due.

66. The Trustee is informed and believes, the Transfers were made to and for the benefit of Defendants.

67. The Trustee is informed and believes, the Debtor did not receive reasonably equivalent value for making the Transfers and did not make the Transfers in good faith.

68. By reason of the foregoing, the Transfers are avoidable, Trustee is entitled to set aside the Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439(a)(2), 3439.07 and 3439.09, and Trustee is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### FIFTH CLAIM FOR RELIEF

(To Avoid Transfers and Recover Intentionally Fraudulently

Transferred Property Under 11 U.S.C. §§ 548(a)(1)(A) and 550)

69. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 68, inclusive, as though fully set forth herein.

70.  The Trustee is informed, believes, and alleges that the Transfers occurred during the one-year period immediately preceding the Petition Date[1].

71.  The Trustee is informed, believes, and alleges that the Transfers were made with the actual intent to hinder, delay or defraud Debtor's creditors.

72.  The Trustee is informed, believes, and alleges that creditors existed at the time of the Transfers that remained unpaid as of the Petition Date.

73.  The Trustee is informed, believes, and alleges that Debtor made the Transfers to or for the benefit of the Defendants.

74.  The Trustee is informed, believes, and alleges that Debtor received no consideration or inadequate consideration from the Defendants for the Transfers.

75.  The Trustee is informed, believes, and alleges that Debtor was insolvent at the time of the Transfers and/or was rendered insolvent by virtue of the Transfers.

76.  The Trustee is informed, believes, and alleges that the Defendants are insiders of the Debtor.

77.  The Trustee is informed, believes, and alleges that the Defendant did not take the Transfers in good faith.

78.  By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. § 548(a)(1)(A), and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SIXTH CLAIM FOR RELIEF

(To Avoid Transfers and Recover Constructively Fraudulently Transferred Property Under 11 U.S.C. §§ 548(a)(1)(B) and 550)

79.  Plaintiff incorporates each and every allegation contained in paragraphs 1 through 78, inclusive, as though fully set forth herein.

---

[1] With the exclusion of the initial $500 deposit on December 28, 2015 which shall not be included in this cause of action.

80. The Trustee is informed, believes, and alleges that at the time of the Transfers, Debtor was engaged in or was about to engage in a business or a transaction for which Debtor's remaining assets were unreasonably small in relation to the business or transaction.

81. The Trustee is informed, believes, and alleges that at the time of the Transfers, Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond his ability to pay as they became due.

82. The Trustee is informed, believes, and alleges that the Transfers were made to and for the benefit of the Defendants.

83. The Trustee is informed, believes, and alleges that Debtor did not receive reasonably equivalent value in exchange for the Transfers.

84. The Trustee is informed, believes, and alleges that Debtor did not make the Transfers in good faith.

85. The Trustee is informed, believes, and alleges that the Defendant did not take the Transfers for reasonably equivalent value.

86. The Trustee is informed, believes, and alleges that the Defendants did not take the Transfers in good faith.

87. By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B), and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SEVENTH CLAIM FOR RELIEF

(To Preserve Transfers for the Benefit of the Estate

Pursuant to 11 U.S.C. § 551)

88. Trustee incorporates each and every allegation contained in paragraphs 1 through 87, inclusive, as though fully set forth herein.

89. Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the Estate as the Transfers are avoidable under 11 U.S.C. §§ 544 and 550 as set forth above.

### EIGHTH CLAIM FOR RELIEF

### (For Injunction Against Zeibold Pursuant to 11 U.S.C. §105)

90. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 89, inclusive, as though fully set forth herein.

91. Plaintiff is informed, believes, and alleges that the PRT, and the proceeds therein, are property of the Estate.

92. Plaintiff is informed, believes, and alleges that Plaintiff has standing to administer the PRT and the proceeds therein, and that the Debtor's Probate Estate does not have any legal or equitable right to control the PRT.

93. In order to prevent further dissipation of assets of the Estate, the Plaintiff seeks an injunction, including a temporary restraining order, preventing the transfer of the PRT, or the proceeds therein, and ordering them to be turned over to the Trustee for administration, and any other legal or equitable relief that the Court deems necessary or appropriate to preserve the PRT for the benefit of the Estate's creditors.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against the Defendants as follows:

### On the First Claim for Relief

Declaring that the PRT, and the proceeds therein, are property of the Estate pursuant to 11 U.S.C. § 541;

### On the Second Claim for Relief

Compelling Defendants to turn over and deliver to PRT the proceeds therein, or any other proceeds and to provide an accounting for the PRT from its inception to date.

### On the Third Claim for Relief

Avoiding the Transfers and declaring that the Transfers be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfers for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendants in the amount of the Transfers.

### On the Fourth Claim for Relief

Avoiding the Transfers and declaring that the Transfers be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfers for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendants in the amount of the Transfers.

### On the Fifth Claim for Relief

Avoiding the Transfers and declaring that the Transfers be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfers for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendants in the amount of the Transfers.

### On the Sixth Claim for Relief

Avoiding the Transfers and declaring that the Transfers be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfers for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendants in the amount of the Transfers.

### On the Seventh Claim for Relief

For preservation of the Transfers for the benefit of the Estate.

**On the Eighth Claim for Relief**

Granting an injunction, including a temporary restraining order, preventing the transfer of the PRT, or the proceeds therein, and ordering it to be turned over to the Trustee for administration, and any other legal or equitable relief that the Court deems necessary or appropriate to preserve PRT for the benefit of the Estate's creditors;

**On All Claims for Relief**

For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: February 21, 2018      LOBEL WEILAND GOLDEN FRIEDMAN LLP


By: /s/ Faye C. Rasch
    FAYE C. RASCH
    Attorneys for Chapter 7 Trustee,
    Weneta M.A. Kosmala