1  **DANIEL M. ANDERSON (CA Bar No. 167652)**
   **ICE MILLER LLP**
2  **250 West Street**
   **Columbus, OH  43215**
3  **Telephone:  (614) 462-5013**
   **Facsimile:  (614) 224-3126**
4  **Attorney for NATIONWIDE LIFE INSURANCE**
   **COMPANY, NATIONWIDE LIFE AND**
5  **ANNUITY COMPANY.**

6                 **UNITED STATES BANKRUPTCY COURT**
            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
7                    **SANTA ANA DIVISION**

8   In re:
    DENNY ROY STEELMAN,
9                                          Case No. 8:16-bk-14227-ES
               Debtor.
10                                         Chapter 7
    WENETA M.A. KOSMALA, Chapter 7 Trustee
11  of the Estate of Denny Roy Steelman,      Adv. No. 8:18-ap-01042-ES

12  Plaintiff,                              **ANSWER OF DEFENDANTS**
                                            **NATIONWIDE LIFE INSURANCE**
13  vs.                                     **COMPANY, NATIONWIDE LIFE**
                                            **AND ANNUITY COMPANY TO**
14  KEVIN LIEBECK, as executor of the Estate of  **PLAINTIFF'S COMPLAINT**
    DENNY ROY STEEMAN, KEVIN LIEBECK as
15  successor Trustee of the SURVIVORS TRUST,  Complaint Filed: February 21, 2018
    as under the 2010 STEELMAN INTER VIVOS
16  TRUST, MARK ZIEBOLD as trustee of the
    PRIVATE RETIREMENT TRUST, SHAUNAH
17  LYNN STEELMAN, an individual, JODI
    DENISE STEELMAN, an individual,
18  NATIONWIDE LIFE INSURANCE
    COMPANY, NATIONWIDE LIFE AND
19  ANNUITY COMPANY

20  Defendants.

21

22        Defendants, NATIONWIDE LIFE INSURANCE COMPANY, NATIONWIDE LIFE

23  AND ANNUITY COMPANY (jointly, the "Nationwide Defendants"), respectfully submit

their answer ("Answer") to the Complaint filed by WENETA M.A. KOSMALA, Chapter 7 Trustee of the Estate of DENNY ROY STEELMAN: (1) For Declaratory Relief Regarding Property of the Estate Pursuant to 11 U.S.C. Section 541; (2) For Turnover of Property of the Estate Pursuant to 11 U.S.C. Sections 542 and 543; (3) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. Sections 544(b) and 550, and California Civil Code Sections 3439.04(a)(1), 3439.07 and 3439.09; (4) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. Sections 544(b) and 550, and California Civil Code Sections 3439.04(a)(2), 3439.07 and 3439.09; (5) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. Sections 548(a)(1)(A) and 550; (6) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. Sections 548(a)(1)(B) and 550; (7) To Preserve Avoided Transfers Pursuant to 11 U.S.C. Section 551; and, (8) For Injunction Pursuant to 11 U.S.C. Section 105 ("Complaint").

## STATEMENT OF JURISDICTION AND VENUE

1.    Defendants admit the allegations contained in paragraph 1 of the Complaint. Defendants admit that the Bankruptcy Court has jurisdiction over this adversary proceeding and that this adversary proceeding is a core proceeding.

2.    Defendants admit the allegations contained in paragraph 2 of the Complaint. Defendants admit that venue lies in this judicial district.

3.    Defendants admit the allegations contained in paragraph 3 of the Complaint.

## PARTIES TO THE ACTION

4.    Defendants admit the allegations contained in paragraph 4 of the Complaint. Defendants admit that Plaintiff is the duly appointed Chapter 7 Trustee of the Bankruptcy Estate.

5.    Defendants admit the allegations contained in paragraph 5 of the Complaint.

CO\5833966.2                                ANSWER OF NATIONWIDE DEFENDANTS

6.    Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.    Responding to the allegations contained in paragraph 7 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

8.    Responding to the allegations contained in paragraph 8 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

9.    Responding to the allegations contained in paragraph 9 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

10.    Responding to the allegations contained in paragraph 10 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

11.    Defendants admit the allegations contained in paragraph 11 of the Complaint.

### STATEMENT OF STANDING

12.    Defendants admit the allegations contained in paragraph 12 of the Complaint.

### GENERAL ALLEGATIONS

13.    Defendants incorporates each and every response to each and every allegation contained in Paragraphs 1 through 12 of the Complaint as though fully set forth herein.

14.    Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.    Defendants admit that the Debtor scheduled an interest in a "Retirement or Pension account" under paragraph 21 of Schedule A/B, and claimed an exemption thereon pursuant to California C.C.P. Section 704.115(a)(1) & (2), (b). Defendants deny all other

3

ANSWER OF NATIONWIDE DEFENDANTS

1  allegations contained in paragraph 15 of the Complaint.

2      16.    Responding to the allegations contained in paragraph 16 of the Complaint,

3  Defendants do not have sufficient knowledge or information to form a belief as to the

4  truthfulness of said allegations and therefore deny the same.

5      17.    Paragraph 17 of the Complaint states a legal conclusion to which no answer is

6  required.    Defendants therefore deny the allegations contained in paragraph 17 of the

7  Complaint.

8      18.    Responding to the allegations contained in paragraph 18 of the Complaint,

9  Defendants do not have sufficient knowledge or information to form a belief as to the

10  truthfulness of said allegations and therefore deny the same.

11      19.    Responding to the allegations contained in paragraph 19 of the Complaint,

12  Defendants do not have sufficient knowledge or information to form a belief as to the

13  truthfulness of said allegations and therefore deny the same.

14      20.    Responding to the allegations contained in paragraph 20 of the Complaint,

15  Defendants do not have sufficient knowledge or information to form a belief as to the

16  truthfulness of said allegations and therefore deny the same.

17      21.    Responding to the allegations contained in paragraph 21 of the Complaint,

18  Defendants do not have sufficient knowledge or information to form a belief as to the

19  truthfulness of said allegations and therefore deny the same.

20      22.    Responding to the allegations contained in paragraph 22 of the Complaint,

21  Defendants do not have sufficient knowledge or information to form a belief as to the

22  truthfulness of said allegations and therefore deny the same.

23      23.    Responding to the allegations contained in paragraph 23 of the Complaint,

CO\5833966.2                                        ANSWER OF NATIONWIDE DEFENDANTS

Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

24.    Defendants admit that the copy of RWM's operating agreement attached as Exhibit 2 to the Complaint is dated December 9, 2015.  Responding to all other allegations contained in paragraph 24 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

25.    Defendants admit that Plaintiff has accurately quoted from a portion of the operating agreement attached to the Complaint as Exhibit 2.  Responding to all other allegations contained in paragraph 25 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

26.    Responding to the allegations contained in paragraph 26 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

27.    Responding to the allegations contained in paragraph 27 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

28.    Responding to the allegations contained in paragraph 28 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

29.    Responding to the allegations contained in paragraph 29 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the

ANSWER OF NATIONWIDE DEFENDANTS

truthfulness of said allegations and therefore deny the same.

30.    Responding to the allegations contained in paragraph 30 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

31.    Responding to the allegations contained in paragraph 31 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

32.    Responding to the allegations contained in paragraph 32 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

33.    Responding to the allegations contained in paragraph 33 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

34.    Responding to the allegations contained in paragraph 34 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

35.    Responding to the allegations contained in paragraph 35 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

36.    Defendants admit that Debtor's Schedule C lists the Lombardy Property and claims an exemption thereon. Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of all other allegations contained in paragraph 36 of the Complaint and therefore deny the same.

37.      Responding to the allegations contained in paragraph 37 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

38.      Responding to the allegations contained in paragraph 38 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

39.      Defendants admit the allegations contained in paragraph 39 of the Complaint.

40.      Defendants admit the allegations contained in paragraph 40 of the Complaint.

41.      Responding to the allegations contained in paragraph 41 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

42.      Responding to the allegations contained in paragraph 42 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

43.      Defendants deny the allegations contained in paragraph 43 of the Complaint.

**FIRST CLAIM FOR RELIEF**

44.      Defendants incorporate each and every response above to each and every allegation contained in Paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45.      This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 45 of the Complaint.

46.      This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 46 of the Complaint.

ANSWER OF NATIONWIDE DEFENDANTS

## SECOND CLAIM FOR RELIEF

47.    Defendants incorporate each and every response above to each and every allegation contained in Paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48.    This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 48 of the Complaint.

49.    This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 49 of the Complaint.

50. This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 50 of the Complaint.

51. This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 51 of the Complaint.

52. This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 52 of the Complaint.

## THIRD CLAIM FOR RELIEF

53.    Defendants incorporate each and every response above to each and every allegation contained in Paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54.    Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.    Responding to the allegations contained in paragraph 56 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

57.    Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.    Defendants deny the allegations contained in paragraph 58 of the Complaint.

CO\5833966.2                                    ANSWER OF NATIONWIDE DEFENDANTS

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Responding to the allegations of Paragraph 61 of the Complaint, these Defendants deny that they were insiders of the Debtor at any time, and as to all other allegations contained in Paragraph 61 of the Complaint, do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

63.     Defendants incorporate each and every response above to each and every allegation contained in Paragraphs 1 through 62 of the Complaint as though fully set forth herein.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

69.     Defendants incorporate each and every response above to each and every allegation contained in Paragraphs 1 through 68 of the Complaint as though fully set forth herein.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Responding to the allegations contained in paragraph 72 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same.

CO\5833966.2                                ANSWER OF NATIONWIDE DEFENDANTS

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Responding to the allegations of Paragraph 76 of the Complaint, these Defendants deny that they were insiders of the Debtor at any time, and as to all other allegations contained in Paragraph 76 of the Complaint, do not have sufficient knowledge or information to form a belief as to the truthfulness of said allegations and therefore deny the same

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

### SIXTH CLAIM FOR RELIEF

79.     Defendants incorporate each and every response above to each and every allegation contained in Paragraphs 1 through 78 of the Complaint as though fully set forth herein.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

### SEVENTH CLAIM FOR RELIEF

88.     Defendants incorporate each and every response above to each and every allegation contained in Paragraphs 1 through 87 of the Complaint as though fully set forth herein.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

90.     Defendants incorporate each and every response above to each and every allegation contained in Paragraphs 1 through 89 of the Complaint as though fully set forth herein.

91.     This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 91 of the Complaint.

92.     This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 92 of the Complaint.

93.     This Claim for Relief is not directed at these Defendants and on that basis they deny the allegations contained in paragraph 93 of the Complaint.

## PLAINTIFF'S CLAIMS FOR RELIEF

1.     As to Plaintiff's First Claim for Relief, Defendants pray that the relief requested be denied.

2.     As to Plaintiff's Second Claim for Relief, Defendants pray that the relief requested be denied.

3.     As to Plaintiff's Third Claim for Relief, Defendants pray that the relief requested be denied.

4.     As to Plaintiff's Fourth Claim for Relief, Defendants pray that the relief requested be denied.

5.     As to Plaintiff's Fifth Claim for Relief, Defendants pray that the relief requested be denied.

6.     As to Plaintiff's Sixth Claim for Relief, Defendants pray that the relief requested be denied.

7.    As to Plaintiff's Seventh Claim for Relief, Defendants pray that the relief requested be denied.

8.    As to Plaintiff's Eighth Claim for Relief, Defendants pray that the relief requested be denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State Sufficient Facts)**

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a prima facie case against Defendants for recovery under 11 U.S.C. §§ 541, 542, 543, 544, 548, 550, and 551, or under applicable California law. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), as made applicable herein under Rule 7012 of the Federal Rules of Bankruptcy Procedure ("FRBP").

**SECOND AFFIRMATIVE DEFENSE**
**(Limitation of Liability)**

The damages suffered by Plaintiff, if any, were the direct and proximate result of the acts of parties other than Defendants, and Defendants' liability is limited in direct proportion to the percentage of fault, if any, that is actually attributed to Defendants at trial.

**THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff's claims are barred by the doctrine of laches.

CO\5833966.2                                                    ANSWER OF NATIONWIDE DEFENDANTS

**FOURTH AFFIRMATIVE DEFENSE**
**(Statutes of Limitations or Repose)**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiff failed to mitigate her alleged damages and cannot recover against Defendant.

**SIXTH AFFIRMATIVE DEFENSE**
**(Privilege)**

To the extent Defendants engaged in any of the acts alleged in the Complaint, such acts were privileged.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff's claims are barred by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiff's claims are barred by the doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**
**(Lack of Specificity)**

Plaintiff has failed to plead actual fraud with the requisite specificity as required by FRCP 9(b) as made applicable herein under FRBP 7009.

CO\5833966.2                                    ANSWER OF NATIONWIDE DEFENDANTS

1

2

### TENTH AFFIRMATIVE DEFENSE
### (Equivalent Value)

3

4

To the extent that the Nationwide Defendants received any of the transfers alleged in

the Complaint, Defendants provided value under 11 U.S.C. § 548(c) and/or 11 U.S.C. §

5

550(b)(1), and/or reasonably equivalent value under 11 U.S.C. § 548(a)(1)(B)(i) and/or Cal.

6

Civ. Code § 3439.08(a) and (b) in exchange for certain or all of the alleged transfers.

7

8

### ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

9

10

To the extent that Defendants received any of the transfers alleged in the Complaint,

Defendants took for value and in good faith,  pursuant to 11 U.S.C. § 548(c) and/or 11 U.S.C. §

11

550(b)(1), and/or Cal. Civ. Code § 3439.08(a), (b) and (d).

12

13

### TWELFTH AFFIRMATIVE DEFENSE
### (Denial of Relief)

14

Defendants deny each and every allegation of the Complaint not expressly admitted or

15

otherwise controverted or qualified, and further denies that Plaintiff is entitled to any relief

16

whatsoever from Defendants.

17

18

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Additional Affirmative Defenses)

19

Defendants reserve the right to amend this Answer and set forth such additional

20

defenses and/or allegations as may become apparent through discovery or during the process of

21

this case.

22

23

ANSWER OF NATIONWIDE DEFENDANTS

**PRAYER**

WHEREFORE, Defendants pray for the following relief:

1.      That Plaintiff take nothing by way of the Complaint or otherwise.

2.      For reasonable attorney's fees incurred by the Defendant;

3.      For costs of suit incurred in defending the Complaint, and

4.      For such other relief as the Court deems just and proper.


Dated: April 23, 2018                 ICE MILLER LLP



                                      /s/ Daniel M. Anderson
                                      Daniel M. Anderson   (CA Bar # 167652)
                                      Daniel.Anderson@icemiller.com
                                      250 West Street
                                      Columbus, Ohio 43215-2538
                                      Telephone:    (614) 462-2700
                                      Facsimile:    (614) 224-3126
                                      Attorneys for Defendants Nationwide Life
                                      Insurance Company and Nationwide Life and
                                      Annuity Company

## PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 250 West Street, Suite 700, Columbus Ohio 43215.

A true and correct copy of the foregoing document described as ANSWER OF DEFENDANTS NATIONWIDE LIFE INSURANCE COMPANY and NATIONWIDE LIFE AND ANNUITY COMPANY will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 23, 2018 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Reem J Bello rbello@lwgfllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cyoshonis@wgllp.com
- Weneta M Kosmala (TR) ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com; dmf@txitrustee.com; kgeorge@kosmalalaw.com
- Faye C Rasch frasch@wgllp.com, kadele@wgllp.com; tziemann@wgllp.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- J Scott Williams jwilliams@williamsbkfirm.com ; g24493@notify.cincompass.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):

On, April 23, 2018 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. (See attached list.)

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 4/23/2018 | Daniel M. Anderson | /s/ Daniel M. Anderson |
| *Date* | *Type Name* | *Signature* |

ANSWER OF NATIONWIDE DEFENDANTS

**(PROOF OF SERVICE)**
**CONT.**

**II. SERVED VIA U.S. MAIL**

KEVIN LIEBECK as executor of the Estate of
DENNY ROY STEELMAN
7655 Park Forest Drive
Huntington Beach, CA 92648

KEVIN LIEBECK, as successor Trustee of the
SURVIVORS TRUST, as under the 2010
STEELMAN INTER VIVOS TRUST
7655 Park Forest Drive
Huntington Beach, CA 92648

Shaunah Lynn Steelman
26422 Lombardy Road
Mission Viejo, CA 92692-3267

Jodi Denise Steelman
24453 Sunshine Drive
Laguna Niguel, CA 9677-7825

Hon. Erithe A. Smith
United States Bankruptcy Judge
United States Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5040
Santa Ana, CA 92701

CO\5833966.2                                ANSWER OF NATIONWIDE DEFENDANTS