WEILAND GOLDEN GOODRICH LLP
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgfllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee,
Weneta M.A. Kosmala

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DENNY ROY STEELMAN,<br><br>Debtor. | Case No. 8:16-bk-14227-ES<br><br>Chapter 7 |
| WENETA M.A. KOSMALA, solely in her capacity as Chapter 7 Trustee of the Estate of Denny Roy Steelman,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN LIEBECK, as executor of the Estate of DENNY ROY STEELMAN, KEVIN LIEBECK as successor Trustee of the Survivors Trust under the 2010 Steelman Inter-Vivos Trust; MARK ZIEBOLD as trustee of the PRIVATE RETIREMENT TRUST, SHAUNAH LYNN STEELMAN; an individual; JODI DENISE STEELMAN, an individual, NATIONWIDE LIFE INSURANCE COMPANY, NATIONWIDE LIFE AND ANNUITY COMPANY,<br><br>Defendants. | Adv. No. 8:18-ap-01042-ES<br><br>**CHAPTER 7 TRUSTEE'S RESPONSE TO DEFENDANTS' OBJECTION TO THE DECLARATION OF HOWARD GROBSTEIN IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE:    September 6, 2018<br>TIME:    10:30 A.M.<br>CTRM:    5A |

1185579.1

RESPONSES TO EVIDENTIARY OBJECTIONS

TO THE HONORABLE ERITH A. SMITH, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:

Weneta M.A. Kosmala, the duly appointed chapter 7 trustee of the bankruptcy estate of Denny Roy Steelman (the "Debtor"), hereby submits the *Chapter 7 Trustee's Response To Defendants' Objection To The Declaration Of Howard Grobstein In Support Of Chapter 7 Trustee's Motion For Preliminary Injunction* (the "Evidentiary Objections"), filed by Defendants, Kevin Liebeck, as executor of the Estate of Denny Roy Steelman, Kevin Liebeck as successor Trustee of the Survivors Trust, as under the 2010 Steelman Inter Vivos Trust, Mark Ziebold as trustee of the Private Retirement Trust, Shaunah Lynn Steelman, an individual and Jodi Denise Steelman, an individual (collectively "Defendants").

By the Evidentiary Objections, Defendants attempt to exclude certain portions of the testimony of Howard B. Grobstein, the Trustee's financial advisor and a bankruptcy trustee ("Mr. Grobstein"), set forth in the Declaration of Howard Grobstein in Support of Chapter 7 Trustee's Motion for Preliminary Injunction (the "Grobstein Declaration") [Dkt. No.15]. Mr. Grobstein's certifications include: Certified Public Accountant, a Certified Fraud Examiner and a Certified Financial Forensics. He as and continues to act as a Chapter 7 and Chapter 11 Trustee and Chapter 11 Examiner in the Central and Northern Districts of California. According to Mr. Grobtsten's profile, he "[R]egularly acts as forensic accountant in insolvency and litigation matters reconstructing records related to disputes, litigation, fraudulent conveyances, solvency analyses, and other situations." A copy of Mr. Grobstein's profile from the Grobstein Teeple LLP website is attached as Exhibit "1."

The Trustee responds to the Evidentiary Objections as follows:

| | Allegedly Objectionable Testimony | Defendants' Objection | The Trustee's Response |
|---|---|---|---|
| 1. | Pg. 20, lines 2-5<br><br>In April 2015, the Trustees of the Southern California IBEW-NECA Pension Plan sued Mr. Steelman to collect unpaid pension contributions (withdrawal liability) when his wholly owned company, Action Electric, withdrew from the Plan in June 2013 (Action Electric subsequently filed for Chapter 7 bankruptcy in October 2013). | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify. | As set forth in the Grobstein Declaration, Mr. Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br><br>Defendants' objections should be overruled. |

| | | | |
|---|---|---|---|
| 2. | Pg. 20, lines 6-7<br><br>"On December 9, 2015, the PRT was created. At the same time, the plan sponsor, an entity wholly owned by Mr. Steelman, was established." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify. | As set forth in the Grobstein Declaration, Mr. Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br><br>Defendants' objections should be overruled. |
| 3. | Pg. 20, lines 8-09<br><br>"On December 28, 2015 and January 4, 2016, respective deposits of $500 and $875,000 were made to the PRT." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify. | As set forth in the Grobstein Declaration, Mr. Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br><br>Defendants' objections should be overruled. |
| 4. | Pg. 20, lines 10-14<br><br>"On March 16, 2016, a payment of $815,000 was made from the PRT to fund a promissory note secured, in part, by Mr. Steelman's primary residence at 26422 Lombardy Road, Mission Viejo. The terms of this note called for interest at 2.33% over 15 years and a monthly payment (interest and principal) of $2,000.00, with a balloon payment for unpaid principal paid at the end of the term. | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify. | As set forth in the Grobstein Declaration, Mr. Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br><br>Defendants' objections should be overruled. |
| 5. | Pg. 20, line 15<br><br>"On March 21, 2016, deposits of $195,000 and $287,586 were made to the PRT." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify. | As set forth in the Grobstein Declaration, Mr. Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br><br>Defendants' objections should be overruled. |
| 6. | Pg. 20, lines 16-18<br><br>"On March 28, 2016, a payment of $500,000 was made from the PRT to purchase an annuity from Nationwide Life Insurance Company (Variable Annuity Contract #01-6824567), with Mr. Steelman the Taking into consideration the annuitant and the PRT the sole beneficiary." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify. | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br><br>Defendants' objections should be overruled. |
| 7. | Pg. 20, line 19<br><br>"On October 10, 2016, Mr. Steelman filed for bankruptcy protection under Chapter 7." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify. | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br><br>Defendants' objections should be overruled. |
| 8. | Pg. 20, lines 20-23<br><br>"On July 5, 2017, the United States District Court (Central District of California) ordered | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify. | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are |

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | | |
|---|---|---|---|
| | that the Plaintiff, Trustees of the Southern California EBEW-NECA Pension Plan, recover from Defendant Mr. Steelman the principal amount of $1,884,906.57, attorneys' fees and costs in amounts to be determined at a later date, plus post-judgment interest as provided by law. | | relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed. Defendants' objections should be overruled. |
| 9. | Pg. 20, lines 25 to page 21, line 8<br><br>"As created and executed, the PRT failed to satisfy the requirements set forth in CCP 704.115, and therefore was not valid and not exempt from creditors. Specifically, a review of the relevant transactions and related documents indicates that the PRT was not established for retirement purposes.<br>1. The PRT was established by a third party, instead being sponsored by an "employer" which was 100% owned by the beneficiary and that was set up on the date of the PRT formation with no real other discernable purpose than the transfer of non-exempt assets.<br>2. The PRT was established with an unreasonably short target date.<br>3. The PRT was funded in a very short period of time, inconsistent with accepted retirement plan objectives.<br>4. The PRT invested a significant portion of its assets to finance the PRT Loan.<br>5. The PRT loan was at below-market rates inconsistent with the p | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed. In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 10. | Pg. 21, lines 8-9<br><br>"As the PRT was not a valid vehicle, the assets contributed are not exempt from creditors." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed. In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 11. | Pg. 21, lines 13-19<br><br>"The PRT's plan sponsor, Retirement Wealth Management, LLC ("RWM"), appears to have been formed solely to facilitate the transfer of assets to the PRT. RWM was formed on December 9, 2015 – the same date as the effective date of the PRT. The sole member of the RWM, classified as a disregarded entity, was Mr. Steelman (as trustee co-managers of RWM were Mr. Steelman and Mark Ziebold, Esq., Mr. Steelman's estate planning attorney." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed. In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 12. | Pg. 21, lines 19-24<br><br>"According to the Operating Agreement of RWM dated December 9, 2015, the purpose of RWM was to "...own, manage, develop, | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. |

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| # | Text | Objection | Response |
|---|------|-----------|----------|
| | operate, buy, sell, exchange, finance, refinance, and otherwise deal with real, personal, tangible, and intangible property, and any type of business…" It is understood that Mr. Steelman owned an electrical contracting operation and was never employed in the investment management profession. | FRE 403 – Prejudicial or Redundant | Grobstein is entitled to state what his investigation of the records revealed.<br><br>Defendants' objections should be overruled. |
| 13. | Pg. 21, line 24 to page 22, line 5<br><br>"Based on the above, RWM cannot reasonably be considered a third party, and appears to have been created for the sole purpose of funding the PRT. This inconsistent with intent of CCP 704.115. In the case of In re James and Carol Barnes (No. 01-20765-A-13J, United States Bankruptcy Court, E.D. California, Sacramento Division, April 12, 20012, the United States District Court stated: "The legislative history… indicates that 704.115(a)(1) was intended to exempt retirement plan established or maintained by private employers or employee organizations, not arrangements by individuals to use specified assets for retirement purposes." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br>In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 14. | Pg. 22, lines 7-11<br><br>"At the date of the formation of the PRT, Mr. Steelman was 70 years, 3 months of age. The "Target Retirement Age" for PRT participants was 71-less than a year from the establishment of the retirement plan. The PRT called for immediate 100% vesting for the participant. An investment horizon of less than a year for a participant over 7- years of age is not reasonably intended for retirement planning purposes. The PRT was funded in a very short period, inconsistent with accepted retirement plan objectives. | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br>In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 15. | Pg. 22, lines 14-18<br><br>"Contrary to a typical retirement plan, where moneys are contributed at regular intervals over time, the subject PRT was overfunded with several large lump sums over a very short time frame. Specifically, within approximately three months of the PRT'S formation, over $1.3 million dollars was funded into the PRT, with no subsequent contributions made. Such a funding pattern resembles an effort to move assets." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br>In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise is providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 16. | Pg. 22, lines 19-29<br><br>"In the case In re James and Carol Barnes (No. 01-20765-A-13J, United States Bankruptcy Court, E.D. California, Sacramento Division, April 12, 2002) the United States District court stated: [T]he court must consider the use of the word "plan" is section 704.115(a)(1). A plan requires more than the instantaneous transmutation of a lump sum of previously nonexempt money or other assets into an | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br>In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise is providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, |

| | | | |
|---|---|---|---|
| | exempt retirement plan. It contemplates the gradual accumulation of money to fund a future retirement." Cal. Civ. Proc. Code § 704.115(a)(1). Union retirement plans provide for a retirement income funded by employee and employer annual contributions made over a long period of time." | | Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 17. | Pg. 23, lines 1-3<br><br>"On February 16, 2016, the PRT made a loan to Mr. Steelman as trustee of the 2001 Steelman Inter-Vivos Trust in the amount of $815,000 (over 50% of the entire PRT asset value) secured only in part by 26422 Lombardy Road, Mission Viejo, CA 92692." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br><br>Defendants' objections should be overruled. |
| 18. | Pg. 23, lines 4-13<br><br>"This loan, made within months of the formation of the PRT, cannot reasonably be viewed as for retirement purposes. In re Daniel (Daniel v. Security Pacific National Bank, No. 84-2412, argued and submitted July 12, 1985, decided Sept. 20, 1985), the debtor borrowed $75,000 from his "private retirement plan" and used it to buy a residence. The Court reasoned: If debtor's real concern had been retirement, rather than buying a residence with pre-tax dollars, then he would surely have invested the funds in assets which would yield a competitive money market return, would provide adequate security, and would preserve and enhance the capital of the plan. The PRT's financing of the PRT Loan was a below-market rates inconsistent with the purpose of the retirement plan." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br>In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 19. | Pg. 23, lines 13-16<br><br>"The above loan from PRT had a term of 15 years, with an interest rate of 2.33% per annum, $2,000.00 payable per month (with the amount above the interest payment applied to principal), and any outstanding principal balance payable at the maturity date." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br>In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 20. | Pg. 23, lines 16-24<br><br>"At 2.44%, the above loan had an interest rate below the average 15-year mortgage rate as of February 2016 of 2.96% (source: Freddie Mac). Furthermore, even if one were to assume a rate of 2.33% was reasonable, a monthly payment was far below the fully amortizing payment associated with this interest rate and loan amount of $815,000. Using Excel's PMT function, the monthly payment that would fully amortize this loan in 15 years would be $5,369, over double the stated amount. Thus, the subject loan had a significant balloon payment (of over $700,000) due at maturity. Other things equal, this would increase the risk of the loan warranting an even higher interest rate." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br>In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | | |
|---|---|---|---|
| 21. | Pg. 23, lines 24-27<br><br>"In light of the above, the loan by RRT was not arms-length, not reasonably made for retirement purposes, and incorporated below-market terms not made in the best interests of the PRT." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br>In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |
| 22. | Pg. 24, lines 1-2<br><br>"Based on the above analysis, it is my opinion that the PRT is created and used not valid, and therefore not exempt from creditors." | FRE 901 – Lack of Foundation<br>FRE 601-602 – No Showing of Personal Knowledge or Competence to Testify.<br>FRE 701 – Improper Conclusion<br>FRE 702 – Failure to Qualify as an Expert<br>FRE 403 – Prejudicial or Redundant | Grobstein has laid the foundation for his statements through his review of the relevant documents. Mr. Grobstein's statements derive from the documents that he reviewed and are relevant to the instant proceedings. Mr. Grobstein is entitled to state what his investigation of the records revealed.<br>In addition, as a financial advisor to the Trustee and a chapter 7 trustee and based upon his significant expertise in providing financial advisory services and his years of examining exemptions as a chapter 7 trustee, Mr. Grobstein is well qualified to provide testimony as to issues relating to retirement planning and whether or not the PRT satisfied the requirement of CCP 704.115<br><br>Defendants' objections should be overruled. |

Based on the foregoing, the Trustee respectfully requests that the Court overrule the Evidentiary Objections in their entirety.

Respectfully submitted,

Dated: August 30, 2018

WEILAND GOLDEN GOODRICH LLP

By: <u>Faye C. Rasch</u>
JEFFREY I. GOLDEN
FAYE C. RASCH
Attorneys for Weneta M.A. Kosmala,
Chapter 7 Trustee

8/30/2018                                                                                  Howard Grobstein | Grobstein Teeple LLP



ABOUT    SERVICES    TEAM    OPPORTUNITIES    CONTACT    COMMUNITY

OUR TEAM
# PROFILE HOWARD GROBSTEIN



### AREAS OF EXPERTISE

Mr. Grobstein's practice focuses on the following key areas:

**Fraud Investigations** – Representations of fiduciaries and private parties in numerous and complex fraud cases with alleged losses ranging from $25,000 to approximately $1 billion. Representations include court appointed receivers, monitors, special masters, and private parties in regulatory, equity, and international matters.

**Forensic Reconstructions** – Regularly acts as forensic accountant in insolvency and litigation matters, reconstructing records related to disputes, litigation, fraudulent conveyances, solvency analyses, and other situations.

### PROFESSIONAL CERTIFICATIONS

Certified Public Accountant

Certified Fraud Examiner

Certified Financial Forensics (AICPA)

**Insolvency Matters** – Member of the Panel of Bankruptcy Trustees in the Central District of California and has been appointed and acted as a Chapter 11 and Chapter 7 trustee, and Chapter 11 examiner in several cases; represents bankruptcy trustees, debtors, creditors, creditor committees, receivers, special masters, assignees, and attorneys in insolvency cases. Mr. Grobstein has been involved in numerous cases, most of which involved complex forensic or fraud related issues.

**Litigation Consulting** – Regularly acts as a consulting and/or expert witness in litigation cases and has testified at arbitration, deposition, and in federal and state courts.

### EDUCATION

Bachelor of Science; Business Administration, Emphasis in Accounting, 1994 California State University, Northridge

### EXPERIENCE

As a Trustee and Fiduciary:

**Diamond Decisions, Inc.** – Appointed as Chapter 11 Trustee for an apparel manufacturing and distribution company. Discovered potential fraudulent investment scheme involving approximately $40 million. Performing forensic reconstruction of financial records for purposes of analyzing potential fraudulent conveyances, potential preferential transfers, and other causes of action.

### PROFESSIONAL AFFILIATIONS

Member of the Board of Directors and past Co-Chairperson of the California Receivers Forum (Los Angeles & Orange County)

Member of the Board of Directors and officer of Los Angeles Bankruptcy Forum (Current President, past Program Chair and Secretary)

Member of Association of Certified Fraud Examiners

Member of Turnaround Management Association

**Click and List Realty & Bhatia** – Appointed as Chapter 11 Trustee in two related cases including a real estate brokerage and mortgage company and the case of its principals. Ceased operations and conducted investigation into the alleged unauthorized transfer of escrowed funds for operational and personal purposes. Compiled data relating to the commingling of funds and filed a successful motion for substantive consolidation of the cases. Conducting forensic accounting and reconstruction of records to analyze potential fraudulent conveyances, potential preferential transfers, and other causes of action.

**Welded Fixtures** – Appointed as Chapter 11 Trustee for manufacturing company. Operated business for several months, prepared projections and budget to actual analyses on regular basis in order to maintain operations. Negotiated settlement with principal which resulted in payment in full to all creditors. Case was subsequently dismissed.

Member of American Bankruptcy Institute

Member of California Society of CPA's

Member of American Institute of CPA's

Member of the AICPA's Committee for Drafting the CFF Exam

### SPEAKING ENGAGEMENTS

Participated in seminar at California Receivers Forum on the topic *The Accountant for the Court-Appointed Receiver*.

Presented a seminar to the Trustee Administrator's Group on searching for hidden assets in Chapter 7 proceedings.

Participated in seminar at California Receivers Forum on *SEC Receiverships*

### CIVIC AND COMMUNITY ACTIVITIES

Member of the Board of Directors, Treasurer, and Chairman of the Finance Committee of Heart of Los Angeles (HOLA), a non-profit organization providing after school programs and tutoring to inner-city youth.

Member of the Board of Directors and Chairman of the Audit Committee of Bet Tzedek, an organization that provides free legal services to elderly, poor and indigent members of society.

### COMMUNITY AWARDS

40 Under 40 Award; San Fernando Valley Business Journal

### PUBLICATIONS

*Fraud Casebook: Lessons from the Bad Side of Business*, July 2007. Co-authored chapter.

### INTERESTS

Huge fan of classic and muscle cars – rebuilding a 1955 Chevy Bel Air; enjoy eating tasty food from all around the country and world; love drinking a good glass of wine – favorite are whites from Burgundy.

**DIVA Systems Corporation** – Appointed as Chapter 11 Trustee of company which held a significant library of intellectual property related to video on demand and interactive program guide. Pursued litigation against proposed purchaser of assets who backed out of transaction immediately prior to plan confirmation. Negotiated a settlement with the defendant wherein the estate received $39.5 million (approximately 1.5 million more than lawsuit). Sold intellectual property and other assets. Successfully confirmed a plan of liquidation and was appointed as Liquidating Agent.

**EonXchange, LLC** – Appointed as Chapter 11 Trustee of an emissions credits brokerage and optimal transaction software creator. The case involved an entity, its three wholly owned subsidiaries and their managing member. Successfully substantively consolidated three related subsidiaries into the bankruptcy estate and succeeded by stipulation to entirely substantively consolidate the managing member (an individual) into the Debtor's estate. Negotiated the liquidation of two multi-million dollar pieces of real estate. Performed extensive fraud and forensic investigation used for litigation and prosecution by US Attorney. Referred fraudulent activity to US Attorney resulting in indictment and guilty plea of managing member.

**Namco Capital Group, Inc.** – Acted as Chief Restructuring Officer at the direction of the Official Committee of Unsecured Creditors. Analyzed and liquidated a portion of $2 billion in real estate holdings through approximately 100 different entities. Prepared bankruptcy schedules and Statement of Financial Affairs. Prepared monthly operating reports and met other court reporting requirements. Analyzed numerous real property assets in order to determine whether to liquidate, return to lender, or hold. Performed forensic investigation and financial activity of entities.

**Nationwide Beverage Bottling, Inc.** – Acted as Chief Restructuring Officer for a water bottling plant in a chapter 11 proceeding. Increased production and sales by 300%, reduced costs and renegotiated certain expenses, restructured employee composition and related salaries, negotiated sale of substantially all assets; investigated financial activity of debtor and insiders.

**Examiner** – Appointed as Chapter 11 Examiner for medical practice. Evaluated operations of the debtor including a review of the assets, liabilities, revenues and expenses for several year period of activity. Evaluated transactions between the debtor and related parties and provided a report to the United States Trustee and the Bankruptcy Court.

**Examiner** – Appointed as Chapter 11 Examiner in a case involving a garbage disposal company. Conducted forensic analysis in an extremely short period of time and provided report to United States Trustee recommending appointment of a trustee.

Services Provided to Fiduciaries (Receivers, Trustees, Special Masters, Monitors, and Provisional Directors):

**SEC Regulatory Case** – Accountant to court appointed receiver in federal regulatory action. Reconstructed financial records for approximately 70 bank accounts covering an eight year period of time to identify assets for liquidation by the receiver, potential fraudulent activity, sources of funds and investor identities, determine uses of funds and potential fraudulent transfers, and analyze tax implications of potential fraud scheme. Assisting various federal agencies with investigation into activities of defendants.

**SEC Regulatory Case** – Accountant to court appointed receiver in federal regulatory action. Reconstructed financial books and records in order to demonstrate existence of a fraud scheme committed against unsuspecting investors. Created relational database to report financial activities of investors including approximately 35,000 banking transactions. Prepared reports reflecting funds traced in and out of bank accounts in order for Receiver and counsel to pursue claims. Resolved complex tax issues and assisted with negotiation of resolution to tax claims filed against receivership estate.

**SEC Regulatory Case** – Accountant to court appointed receiver in federal regulatory action. Reconstructing financial records related to potential fraudulent investment scheme with multiple locations throughout the United States. Traced funds through numerous bank accounts and prepared relational database to generate custom reports reflecting sources and uses of funds and analyzing potential domestic and international fraudulent transfers.

**Mattel v. MGA** – Forensic Accountant to court appointed Monitor. Retained to assist the monitor with analyzing monthly net income reporting and inventory balances on a global basis. Analyzed stand-alone accounting offices in numerous locations worldwide including throughout Europe and parts of Asia. Analyzed internal controls and reliability of financial reporting and provided reports on findings to court appointed Monitor. Evaluated monthly reporting and conducted testing for accuracy. Provided consulting to court appointed Monitor on disputed accounting issues.

8/30/2018                                    Howard Grobstein | Grobstein Teeple LLP

**Lehman Brothers Bank FSB v. Beverly Hills Estates Funding et. al.** – Forensic accountant to equity receiver to reconstruct books and records related to fraud against lenders in mortgage borrowing scheme wherein defendants provided inflated values of home sales/purchases in order to obtain inflated loans. Created databases and custom reports containing thousands of data lines to reflect incoming and outgoing sources of funds. Traced flow of funds in convoluted scheme involving over 40 entities and individuals and over 350 different bank accounts covering a four year period of time. Prepared detailed flow charts and narrative analyses tracing flow of funds. Successfully traced lender's funds to the fraudulent acquisition of numerous assets including homes, vehicles, aircraft, artwork and wine.

**Wickes Furniture & Master Design, Inc.** – Accountant to court appointed equity receiver of the parent company of a large, nationwide furniture retailer and sister company. Reconstructed significant international transactions involving related party companies in Taiwan, Cayman Islands and China, including inter-company loans and transfers of funds in excess of $46 million. Assisted with operations of affiliated entities. Negotiations of forbearance agreements for secured creditors involved. Provided extensive accounting and tax consultation to the receiver, attorneys and investment bankers with regard to the sales of two large companies with total transaction values exceeding $200 million. Coordinated financial statement audit of affiliates and consolidated US Parent Corporation. Prepared consolidated group tax returns for federal and multi-state filings for several years. Identified and recovered tax refunds previously unidentified by big 4 accounting firm exceeding $11 million.

**State of California v. Daniel Gossai** – Forensic accountant retained by receiver in a regulatory action to recover and reconstruct books and records related to an alleged fraud against the People of the State of California involving a false high school diploma program preying on foreign immigrants. Reviewed financial records, traced sources and uses of funds and provided relevant information to receiver and the Office of the Attorney General. A database was created in order to maintain all transactions and generate information-specific custom reports.

**Brea Community Hospital** – Accountant and Financial Advisor to Chapter 7 Trustee for liquidating hospital. Reconstructed incomplete accounting records to provide accounting, tax and litigation support services to trustee and counsel. Analyzed fraudulent conveyance of multi-million dollar real property and assisted counsel with solvency and litigation support issues. Reconstructed general ledgers to prepare estate income tax returns. Analyzed insider and preference payments and assisted counsel with ordinary course and new value issues.

**Century City Doctors Hospital** – Accountant and Financial Advisor to Chapter 7 Trustee for liquidating hospital. Removed, managed, and maintained four server towers containing commingled financial and patient medical records for two years. Established protocol for security and privacy of medical information. Responded to subpoenas and requests for medical records. Conducted investigation into potential insider and preferential payments. Prepared solvency and fraudulent conveyance analyses. Prepared officer compensation study. Completed tax returns on an annual basis and issued K-1s to approximately 400 members.

**APX Holdings, LLC et. al.** – Accountant and Financial Advisor to Chapter 7 Trustee for liquidating logistics and shipping company. Prepared potential preference analysis involving gross preferences totaling approximately $165 million. Prepared tax returns involving approximately 15 related companies filing tax returns in 20 different states.

**Granada Hills Community Hospital** – Accountant to Chapter 11 and Chapter 7 Trustee for liquidating hospital. Prepared cash flow projections to determine viability of operation. Prepared financial wind down plan in order to cease operations. Prepared analysis of use of loan proceeds as part of fraud investigation. Prepared analysis related to factored receivables involving dispute with secured creditor. Prepared weekly budget to actual analysis for use of cash collateral.

**Indymac Bancorp** – Accountant to Chapter 7 Trustee to conduct forensic analysis and manage tax issues. Reconstructed financial activity between debtor and FDIC seized subsidiary – Indymac Bank N.A. Compiled financial information on potential insider and preferential payment transactions. Managed preparation of complex tax returns including carryback claims. Managed tax issues including analysis of worthless stock deduction, IRS audits and dispute with FDIC regarding substantial refunds.

**Marion "Suge" Knight / Death Row Records** – Accountant to Chapter 11 trustee in the Knight case and special accountant to the Chapter 11 Trustee in the Death Row Records case. Conducted royalty audits to determine whether amounts were due to bankruptcy estates for both cases. Assisted with complex tax issues and negotiations of settlement of IRS claims. Assisted with preparation of avoidance action analysis.

8/30/2018 — Howard Grobstein | Grobstein Teeple LLP

**Smith & Sons, Inc. (APT Ambulance & APT Medical)** – Accountant to Chapter 11 trustee for operating ambulance companies. Successfully testified as expert witness on behalf of trustee on the issue of substantively consolidating non-debtor corporations into bankruptcy estate. Created accounting system to accurately report results of operations. Prepared cash flow projections with continuous updates for purpose of assisting trustee with preparation of plan of reorganization. Analyzed tax effects of plan of reorganization.

**Bander Law Firm** – Accountant to chapter 7 Trustee for liquidating law firm. Reconstructed accounts receivable and worked with collection agency to assist with collection of unpaid fees due. Reconstructed activity in client trust account and operating accounts. Prepared analysis of potential avoidance actions including insider transactions, potential preferential transfers, and fraudulent conveyances.

**Halaco, Inc.** – Accountant to Chapter 7 Trustee for entity holding real property. Reconstructed financial records for a period of approximately 20 years to determine capitalization, fraudulent transfers, and insider activity. Prepared estate income taxes and reported to shareholders on an annual basis.

**Cool-a-Coo, Inc.** – Accountant to Chapter 11 trustee for operating food manufacturer. Assisted trustee with gaining control over operations including interviewing of accounting staff and analyzing staffing needs, inventory and production functions, and managing financial reporting functions. Prepared cash flow projections for use in cash collateral stipulation. Reconstructed accounting records in order to prepare payroll, sales, property and income tax returns.

**Powerlift Corporation** – Accountant to Chapter 11 trustee and then Chapter 11 liquidating trustee as forensic accountant in bankruptcy proceeding involving large commercial equipment leasing company. Engagement involved preparing cash flow projections, evaluating operations, analyzing leasing agreements with customers, negotiating settlements of outstanding leases, preparing tax returns, and analyzing unusual transactions between company and insiders.

**Accountant to Chapter 11 Trustee** – Accountant to Chapter 11 trustee for operating apparel retailer. Assisted trustee with gaining an understanding of the financial and accounting functions. Implemented internal controls and assisted with evaluating operations and cash management until business was sold. Prepared preference and fraudulent conveyance analyses and prepared all required federal and state corporate income tax returns.

**California Connection, Inc.** – Accountant to Chapter 7 trustee for multi-million dollar apparel manufacturer. Reconstructed activity for purpose of preparing potential preference and fraudulent conveyance analyses. Evaluated ordinary course of business dealings. Prepared estate income tax returns for several years.

Creditor & Debtor Representations:

**FirstFederal Financial Corp.** – Accountant and Financial Advisor to Debtor, the parent company of a community bank seized by the FDIC. Managing preparation of complex tax returns including carryback claims. Managed tax issues including analysis of worthless stock deduction, IRS audits and dispute with FDIC regarding substantial refunds.

**Harrington West Financial Group, Inc.** – Accountant and Financial Advisor to Debtor, the parent company of a community bank seized by the FDIC. Managing preparation of complex tax returns including carryback claims. Managed tax issues including analysis of worthless stock deduction, IRS audits and dispute with FDIC regarding substantial refunds.

**Cimino Brothers Produce** – Represented the Debtor-in-Possession in a case involving the largest broccoli importer in the U.S. Preparing cash flow projections for purposes of use of cash collateral; performing budget to actual analysis; analyzing accounting data and assist with preparation of MORs.

**E-Styles** – Accountant retained jointly by Debtor and Creditor Committee of a company that sold baby and child development toys and products. Worked with administrator to reconcile bifurcation of pre- and post-petition accounts payable. Reconciled true-up amounts related to sale of assets pursuant to bankruptcy order. Reconstructed financial activity to prepare income, sales, and payroll tax returns. Preparation of avoidance action analyses. Appointed as post-confirmation disbursing agent.

**PPA Holdings, LLC** – Performed financial advisory services for the Official Committee of Unsecured Creditors. Prepared massive cash flow projections for numerous entities holding income generating real estate, working closely with committee and counsel to analyze Debtor expenses on a monthly basis.

**Fatburger** – Retained by the Official Committee of Unsecured Creditors to perform forensic analyses pertaining to the Debtor's pre- and post-petition operations of the owner of numerous fast food burger

outlets.

**Custom Food Products, Inc.** – Engaged by the Unsecured Creditors Committee and Bondholders Committee to analyze officer compensation, debt and equity restructuring and preferential payments. Provided in-depth industry study on comparable officer compensation. Worked with debtor-in-possession and financial advisors to evaluate proposals for debt and equity restructuring totaling in excess of $100 million. Performed potential preference analysis with total payments exceeding $26 million.

**Fassberg Construction, Inc.** – Engaged as accountant to Creditor Committee for large construction company in order to perform a forensic analysis on possible diversion of corporate assets for personal use by officers. Analyzed Chapter 11 plan and projections proposed by Debtor.

**Franchise Pictures, Inc.** – Accountant to Debtor-in-Possession & Unsecured Creditor Committee for Film Production Company. Engaged as forensic accountant to evaluate transactions between numerous related parties. Extracted data from computer system and analyzed transactions. Evaluated film and production related costs as part of film library valuation.

**Reference Clothing, Inc.** – Debtor-in-possession owner of 18 retail-clothing stores.
Compiled information for and prepared the 7-day package. Prepared bankruptcy schedules and statement of financial affairs. Assisted with preparation of interim statements and operating reports which included 65 bank accounts with thousands of transactions. Worked with company management in order to institute accounting and cash controls. Prepared budgets for use of cash collateral.

**Shui Yan Cheng** – Retained by creditor in a bankruptcy proceeding to perform litigation and forensic accounting procedures. Prepared due diligence report on historical transactions and valuation of the Debtor in order to assist the client in determining whether to purchase the company. Participated in mediation which ultimately resulted in a resolution of the client's claim for millions of dollars.

Litigation Matters:

**Forensic Accountant for Non-Profit Organization (Confidential)** – Engaged to identify and quantify embezzlement of approximately $1.7 million by accounts receivable clerk. Conducted a fraud investigation. Prepared a custom database and analyzed daily transactions in order to quantify defalcation. Prepared detailed report on findings for insurance purposes, which resulted in maximum recovery of insurance proceeds on policy. Suspect was sentenced to ten years in prison and deportation.

**AT&T Wireless Services, Inc.** – Employed for the purpose of conducting agreed-upon procedures to determine violation of dealer contract terms. Services involved identifying inventory sold by client to dealers who allegedly disposed of inventory in a manner inconsistent with contract terms. Prepared reports on findings.

**Ameriquest Financial, Inc.** – (Case #1) Engaged by counsel for lender to reconstruct loan activity for a ten year period in a matter involving a dispute regarding the application of payments made by debtor. Analyzed pre- and post-petition activity that affected the borrower's account. Prepared expert report and exhibits.

**Ameriquest Financial, Inc.** – (Case #2) Engaged by counsel for lender to analyze financial affects of loan made to borrower and foreclosure on property. Analyzed loan history of borrower consisting of nine different loans. Prepared expert report and exhibits.

**Easy Riders, Inc.** – Engaged by liquidating trustee to analyze potential preference and fraudulent conveyance transactions. Utilized tracing techniques related to transfers of funds from related entities. Analyzed ordinary course of business between debtor and creditor. Analyzed accounting and tax treatment of debt as it related to issues pertaining to the potential fraudulent conveyance. Prepared expert report and testified in U.S. Bankruptcy Court.

**Markley v. Stearns** – Engaged by Court-Appointed Special Master in a dispute involving a lawsuit and counter-suit related to several members of related LLCs with worldwide real estate holdings. Evaluated the relationship of the accountant to the LLCs for alleged improper activity and prepared report on findings. Testified at deposition.

**Customs Brokerage Firm** – Independent Accountant in Shareholder Dispute – Investigated insider activity for fraudulent transfer of corporate opportunity value. Prepared and provided detailed report on findings to parties involved resulting in the appointment of a receiver.

**Goodyear Tire and Rubber Company** – Special Litigation Accountant to Secured Creditor to assist with analyses of internal controls, insider transactions, and profitability analysis of Debtor as part of a bankruptcy adversary proceeding involving a franchisee of multiple automotive outlets.

**Special Litigation Accountant to White Collar Criminal Attorney** – Reconstructed financial books and records for individual and related corporations for eight years in order for defendant to properly report financial activities to taxing authorities. Involved the analysis and reconstruction of thousands of transactions. Worked closely with criminal counsel to determine reporting requirements of authorities.

**Warner-Chappel Music** – Employed by creditor as expert witness to evaluate and adjust balance sheet provided by debtor to creditor in order to obtain credit of almost $4 million. Analyzed balance sheet, prepared adjustments based on analysis of documents. Testified in U.S. Bankruptcy Court regarding material misstatements identified.

**Boy London, Inc.** – Analyzed revenues for five-year period and prepared report and exhibits regarding licensing dispute between licensee and licensor for large apparel manufacturer.

Summary of Testifying Experience:

**Smith & Sons, Inc.** – United States Bankruptcy Court – Testified as expert witness in the Central District of California on behalf of a Chapter 11 trustee on the issue of substantively consolidating non-debtor corporations into the bankruptcy estate. Prepared analyses indicating that the finances of the Debtor and those of the two non-Debtor entities were so entangled that to untangle them would have been impossible or cost prohibitive.

**Warner-Chappel Music v. Stephen Call** – United States Bankruptcy Court – Engaged by creditor to prepare expert report on evaluation of a balance sheet prepared by Debtor, which was used to obtain credit of approximately $4 million. Reconstructed balance sheet of individual and prepared all required adjustments. Testified in the Northern Division of the Central District of California on findings.

**Markley v. Stearns** – Superior Court of California, Los Angeles – Engaged by Special Master to evaluate transactions between a group of related LLCs and their accountant. Testified at deposition regarding multi-million dollar loan transactions and the related interest charges between the accountant and his clients.

**AT&T Wireless Services, Inc. v. Worldwide Wireless, Inc.** – Superior Court of California, San Diego – Engaged by corporation to identify fraudulent use and transfer of inventory in order to benefit from incentive program. Testified at arbitration on findings.

**Easy Riders, Inc.** – United States Bankruptcy Court – Engaged by liquidating trustee to analyze certain aspects of potential preference and fraudulent conveyance transactions. Employed tracing techniques related to transfers of funds from related entities. Analyzed ordinary course of business between debtor and creditor. Analyzed accounting and tax treatment of debt as it related to issues pertaining to the potential fraudulent conveyance. Prepared expert report and testified at deposition in U.S. Bankruptcy Court.

**Federal Grand Jury Testimony (July 2006)** – Engaged by Office of the United States Attorney as summary witness in real estate fraud action. Reconstructed financial records, traced use of funds, and identified assets and specific transactions associated with illegal activity.

**Federal Grand Jury Testimony (March 2007)** – Engaged by Office of the United States Attorney as summary witness in real estate fraud action. Reconstructed financial records, traced use of funds, and identified assets and specific transactions associated with illegal activity.

**United States of America v. Joseph Babajian et al. (July 2009)** – Testified at Federal trial as summary witness on behalf of the United States of America. Reconstructed financial records, traced use of funds, and identified assets and specific transactions associated with illegal activity.

**Lavian v. Boodaie** – Superior Court of California, Los Angles (June 2010) – Testified as witness regarding the existence of a potential Ponzi scheme in a large real estate investment company.

# Howard Grobstein | Grobstein Teeple LLP

Providing sophisticated consulting service in the areas of restructuring and insolvency, forensic accounting and technology, litigation support, fraud investigation, business management, back office accounting, and attestation.

© 2014 GROBSTEIN TEEPLE. All rights reserved.    Site managed by Studio Ti Design

## CONTACT DETAILS

**LOS ANGELES COUNTY**
6300 Canoga Avenue, Suite 1500W
Woodland Hills, California 91367

**MAIN** 818.532.1020

info@gtllp.com

We look forward to exploring how we can be of assistance to you.

[Speak With A Professional]

We use cookies to personalize content and to provide you with an improved user experience. By continuing to browse this site you consent to the use of cookies. Find out more about our Privacy Policy here.

[I UNDERSTAND]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S RESPONSE TO DEFENDANTS' OBJECTION TO THE DECLARATION OF HOWARD GROBSTEIN IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR PRELIMINARY INJUNCTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 30, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 30, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 30, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe Smith, 411 W. 4th Street, 5th Floor, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 30, 2018 | Kelly Adele | /s/ Kelly Adele |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE
0.0

**Electronic Mail Notice List**
Daniel M Anderson    daniel.anderson@icemiller.com, sandy.heaberlin@icemiller.com
Reem J Bello    rbello@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
Christopher L Blank    chris@chrisblanklaw.com
John C Cannizzaro    john.cannizzaro@icemiller.com, deborah.martin@icemiller.com
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
J Paul Moorhead    moorhead@luch.com, gina@luch.com;kimberley@luch.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
J Scott Williams    jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com