**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile     714-966-1002

Attorneys for Chapter 7 Trustee
Weneta M.A. Kosmala

FILED & ENTERED

APR 01 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY duarte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DENNY ROY STEELMAN,<br><br>    Debtor. | Case No. 8:16-bk-14227-ES<br><br>Chapter 7 |
| WENETA M.A. KOSMALA, solely in her capacity as Chapter 7 Trustee of the Estate of Denny Roy Steelman,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN LIEBECK, as executor of the Estate of DENNY ROY STEELMAN, KEVIN LIEBECK as successor Trustee of the Survivors Trust, as under the 2010 Steelman Inter-Vivos Trust; MARK ZIEBOLD as trustee of the Private Retirement Trust, SHAUNAH LYNN STEELMAN; an individual, JODI DENISE STEELMAN, an individual, NATIONWIDE LIFE INSURANCE COMPANY and NATIONWIDE LIFE AND ANNUITY COMPANY,<br><br>    Defendants. | Adv. No. 8:18-ap-01042-ES<br><br>**ORDER APPROVING STIPULATION TO PAY MEDIATION FEES** |

1211360.1                                                                                    ORDER

The Court having reviewed the *Stipulation to Pay Mediation Fees* ("Stipulation")[1] filed March 27, 2019, as No. 67 on the Court's Docket, entered into by and between: Weneta M.A. Kosmala ("Plaintiff"), in her capacity as the duly appointed and acting Chapter 7 trustee of the bankruptcy estate of debtor Denny Roy Steelman ("Debtor"), and defendants Kevin Liebeck, as executor of The Estate Of Denny Roy Steelman; Kevin Liebeck, as successor Trustee of The Survivors Trust, as under the 2010 Steelman Inter-Vivos Trust; Mark Ziebold as Trustee of The Private Retirement Trust; Shaunah Lynn Steelman, an individual; Jodi Denise Steelman, an individual, ("Defendants," and collectively with Plaintiff, "Parties"), through their undersigned counsel, and for good cause shown,

**IT IS ORDERED**:

1. The Stipulation is approved.

2. All fees for the Mediation shall be paid from the PRT.

3. If the Parties do not reach a settlement that resolves all issues relating to the PRT, the Parties have not waived any rights they may have to claim reimbursement for the cost of the Mediation or to receive a credit on account of the fees for the Mediation.

4. Regardless of the outcome of the Mediation, Mark Ziebold, Trustee of the PRT, shall incur no personal liability as a result of the disbursement of funds from the PRT for the Mediation fees and expenses, and shall be held harmless by all Parties for such disbursement(s).

###

Date: April 1, 2019

Erithe Smith
United States Bankruptcy Judge

---

[1] All capitalized terms have the same meaning or definition as the capitalized terms in the Stipulation.